Yvonne JALLOW; Bret
Rogers, Appellants,

v.

BOARD OF EDUCATION OF THE
MINNEAPOLIS PUBLIC SCHOOLS,
Special School District # 1, Appellee.

No. 00–1213.

United States Court of Appeals,
Eighth Circuit.

Submitted May 22, 2001.

Decided May 29, 2001.

Before HANSEN, MORRIS
SHEPPARD ARNOLD, and BYE, Circuit
Judges.

PER CURIAM.

Yvonne Jallow and Bret Rogers, both
African Americans, brought a discrimina-
tion action against their former employer,
the Board of Education of Minneapolis
Public Schools, Special School District # 1
(District). Both appeal from the district
court's[1] grant of summary judgment as to
their reprisal claims; Rogers appeals the
court's grant of summary judgment on his
hostile-work-environment and failure-to-
accommodate claims; and Jallow chal-
lenges rulings which excluded certain evi-
dence during her jury trial.

Upon de novo review, *see Schuver v.
MidAm. Energy Co.,* 154 F.3d 795, 799–
800 (8th Cir.1998), we conclude the district
court properly granted summary judgment
to District as to (1) plaintiffs' reprisal

claims, *see Cossette v. Minn. Power &
Light,* 188 F.3d 964, 972 (8th Cir.1999)
(prima facie case of reprisal in Title VII
claims); *Rothmeier v. Inv. Advisers, Inc.,*
85 F.3d 1328, 1338–39 (8th Cir.1996)
(Minnesota Human Rights Act (MHRA)
claims analyzed in accordance with federal
precedent); (2) Rogers's hostile-work-envi-
ronment claim, *see* 42 U.S.C. § 2000e–
5(e)(1) (Title VII charge shall be filed with
Equal Employment Opportunity Commis-
sion within 300 days after alleged unlawful
employment practice); Minn.Stat.
§ 363.06, Subd. 3 (Supp. 2000) (requiring
charges of discrimination under MHRA to
be filed within one year of alleged discrimi-
nation); *Stuart v. Gen. Motors Corp.,* 217
F.3d 621, 630–31 (8th Cir.2000) (exhaustion
of administrative remedies under Title VII
requires plaintiff to give notice of claims in
administrative complaint; plaintiff may
seek relief for any discrimination that
grows out of, is like, or is reasonably relat-
ed to substance of charge allegations); and
(3) Rogers's failure-to-accommodate claim,
*see Wallin v. Minn. Dep't of Corr.,* 153
F.3d 681, 686 (8th Cir.1998) (prima facie
case under Americans with Disabilities
Act), *cert. denied,* 526 U.S. 1004, 119 S.Ct.
1141, 143 L.Ed.2d 209 (1999). We further
conclude the district court did not clearly
abuse its discretion in excluding certain
evidence during Jallow's jury trial. *See
Stephens v. Rheem Mfg. Co.,* 220 F.3d 882,
885 (8th Cir.2000) (standard of review;
clear abuse of discretion occurs only when
excluded evidence is so critical that there
is no reasonable assurance that jury would
have reached same conclusion had evi-
dence been admitted); Fed.R.Evid. 402 (ir-
relevant evidence is not admissible), 802
(hearsay is not admissible).

---

1. The Honorable Ann D. Montgomery, United
   States District Judge for the District of Minne-
   sota.

Accordingly, we affirm. *See* 8th Cir. R. 47B.